UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SKY MILLER,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>DICK MORGAN, et al.,<br><br>　　　　　　　Defendants. | Case No.  C10-5638BHS/JRC<br><br>REPORT AND RECOMMENDATION TO DENY INJUNCTIVE RELIEF<br><br>NOTED January 7, 2011 |

　　　　This 42 U.S.C. § 1983 civil rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.

　　　　Before the court is plaintiff's motion for injunctive relief asking that he be moved from Mc Neil Island Corrections Center to the Stafford Creek Correction Center.  The motion was filed October 22, 2010 (Motion for injunctive relief, ECF No. 7).  On November 12, 2010, plaintiff filed a change of address stating he has been moved to the Stafford Creek Corrections Center (ECF No. 11).  Thus, the court recommends denying the motion for injunctive relief because this issue is moot.

REPORT AND RECOMMENDATION- 1

## STANDARD OF REVIEW

The basic function of injunctive relief is to preserve the status quo ante litem pending a determination of the action on the merits. <u>Los Angeles Memorial Coliseum Com'n v. National Football League</u>, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative." <u>Cassim v. Bowen</u>, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

<u>Id</u>. (citations omitted).

## DISCUSSION

Since plaintiff has been moved to the Stafford Creek Correctional Center, as he had requested in his motion for injunctive relief he cannot show any continuing injury based on his being at Mc Neil Island Correctional Facility. His motion should be denied as moot.

## CONCLUSION

The plaintiff's motion for injunctive relief unrelated to the claims in this action should be DENIED as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. <u>See</u> also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of de novo review by the District Court Judge.

REPORT AND RECOMMENDATION- 2

1  See, 28 U.S.C. 636 (b)(1)(C).  Accommodating the time limit imposed by Rule 72(b), the clerk is

2  directed to set the matter for consideration on **January 7, 2011,** as noted in the caption.

3      Dated this 7th day of December, 2010.

*/s/ J. Richard Creatura*

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 3